**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **Bankruptcy No. 05-50127-JAD** |
| **ANNA M. MILLER,** | ) | |
| | ) | **Chapter 13** |
| Debtor. | ) | |
| _____ X | | |
| | ) | **Related to Docket No. 29** |
| **ANNA M. MILLER,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| - vs - | ) | |
| | ) | |
| **Advantage Credit Counseling** | ) | |
| **Service, Ronda J. Winnecour,** | ) | |
| **Chapter 13 Trustee, and** | ) | |
| **the U.S. Trustee for Region 3 and** | ) | |
| **all Creditors of the Debtor,** | ) | |
| | ) | |
| Respondents. | ) | |
| _____ X | | |

**MEMORANDUM OPINION
RELATING TO DEBTOR'S "CERTIFICATION"
OF COMPLETION OF "BRIEFING" REQUIRED
PURSUANT TO 11 U.S.C. §§ 109(H) AND 521(b)**

### I. Introduction

The matter that is before the Court concerns the debtor's efforts to comply with the

credit counseling "briefing" provisions of the United States Bankruptcy Code as amended

by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("2005 Act").

Specifically, the issue before the Court is whether the debtor has satisfied the "certification"

requirements set forth in the credit counseling briefing provisions of this statute. For the

reasons set forth below, the Court holds that the debtor in this case has not adequately

satisfied the "certification" requirements of the 2005 Act. The Court will therefore enter

an order scheduling further proceedings consistent with this Memorandum Opinion.

## II. **Facts**[1]

The debtor, Anna M. Miller, is a retired widow whose sole source of income consists

of social security benefits provided by the United States Social Security Administration.

(Document No. 12 - Schedule I).  The debtor commenced this case by filing a voluntary

petition for relief under Chapter 13 of the United States Bankruptcy Code on November 4,

2005. (Document No. 1 - Voluntary Petition).

The circumstances surrounding the debtor's bankruptcy filing are not uncommon.

The debtor was forced to seek bankruptcy protection because her residence was scheduled

for a sheriff's sale due to mortgage foreclosure on November 7, 2005. (Document No. 2 -

Certificate of Exigent Circumstances).  The debtor has represented to the Court that her

financial difficulties are not the result of excessive spending or inappropriate use of credit

cards.  (Ibid).   Rather, the debtor has represented to the Court that except for mortgage

obligations on her principal residence, the liabilities of the debtor are predominantly

medically related debts incurred by the debtor as a result of a prolonged and expensive

illness suffered by her late husband (who unfortunately passed away as a result of such

illness prior to the petition date).  (Id.); (Document No. 12 - Schedules D, E, and F).

Shortly after the filing of the debtor's Chapter 13 bankruptcy case, the debtor timely

---

[1] The Court takes judicial notice of the facts and circumstances surrounding the debtor's
bankruptcy filing as set forth in the Court's file, including the statements made by the debtor in documents
filed on her behalf. See Fed.R.Evid. 201; Nantucket Investors, II v. California Federal Bank (In re Indian
Palms Associates, Ltd.), 61 F.3d 197, 204-206 (3d Cir. 1995)(judicial notice of documents in Court's file is
permissible).  The Court specifically takes judicial notice of the statements made by the debtor located in
the Court's file at the following Document Numbers: #1 (voluntary petition), #2 (certificate of exigent
circumstances), #5 (motion to extend the automatic stay), #8 (motion to extend time to file schedules and
statements), #10 (order granting motion to extend time to file schedules and statements), #12 (schedules
of assets and liabilities and statement of financial affairs), #13 (chapter 13 plan), #18 (motion to extend
time for credit counseling briefing), #21 (order granting motion to extend time for credit counseling
briefing), #23 (modified order granting motion to extend the automatic stay), and #29 (alleged
certification relating to briefing by credit counseling agency).

complied with the Court's orders with respect to the filing of schedules, statements and other documents as required by 11 U.S.C. § 109, 11 U.S.C. § 521 and Fed.R.Bankr. 1007, with one notable exception. (Document Nos. 8 - Motion to Extend Time to File Schedules and Statements; Document No. 10 - Order Granting Motion to Extend Time to File Schedules and Statements; Document No. 12 - Schedules and Statement of Financial Affairs; Document No. 13 - Chapter 13 Plan; Document No. 18 - Motion to Extend Time for Credit Counseling; Document No. 21 - Order Granting Motion to Extend Time for Credit Counseling Briefing).  This exception is the debtor's efforts under 11 U.S.C. § 109(h)(1) to obtain and receive from an approved, non-profit budget and credit counseling agency a "certification" stating that  the debtor has completed a "briefing" from such agency that both outlined the opportunities available to the debtor for credit counseling and assisted the debtor in performing a related budget analysis.

The emergency nature of the debtor's bankruptcy filing (i.e., to stay the Sheriff's sale and enjoin the foreclosure of the debtor's equity of redemption) precluded the debtor from obtaining the requisite pre-petition "briefing" as required by 11 U.S.C. § 109(h)(1). Therefore, on the petition date, the debtor timely filed with the Court a Certification of Exigent Circumstances which, in a manner satisfactory to the Court, set forth the reasons why this debtor could not obtain the pre-petition "briefing" required by the 2005 Act. (Document No. 2 - Certificate of Exigent Circumstances).

After filing her Certificate of Exigent Circumstances, the debtor also filed with the Court on December 5, 2005 a Motion for Extension of Time for Filing of Certificate of Credit Counseling.  Pursuant to this motion for extension, the debtor sought what amounted to a 60 day extension of time (measured from the petition date) to obtain the

-3-

briefing required by the 2005 Act.  (Document No. 18 - Motion to Extend Time for Credit

Counseling Briefing).  By Order of the Court dated December 15, 2005, the Court granted

the debtor's motion to extend time.  The Court's order authorized the extension only until

December 19, 2005 because the 2005 Act, at 11 U.S.C. § 109(h)(3)(B), contains a statutory

time limit  of  no more than 45 days measured from the petition date. (Document No. 21 -

Order Granting Motion to Extend Time for Credit Counseling Briefing).

On December 9, 2005, and well within the time periods set forth in the Court's Order

and the 2005 Act, the Debtor apparently sought and obtained a briefing from Advantage

Credit Counseling Service, which is an approved, non-profit budget and credit counseling

agency. (Document No. 29 - alleged Certification Relating to briefing by Credit Counseling

Agency).   On December 19, 2005, counsel to the debtor electronically filed with the Court

a  copy  of  a  facsimile  which  appears  to  be  on  Advantage  Credit  Counseling  Service

letterhead.  The copy of the facsimile filed on the debtor's behalf contains the following

handwritten statement:

> Anna [Miller] was counseled by our agency on 12/9/05 but has
> not sent in her money order for the $50 fee[.]  We left her a
> message to see if she mailed it in but she won't be home until
> this Wed.  We are not able to fax the certificate until payment
> is rec'd.  Sorry for the confusion.  Thanks!  We will fax the
> certificate to you once she has paid.

(Ibid.).  The facsimile is then signed "Robin", with no last name or title of the person

purportedly transmitting the facsimile to counsel to the debtor. (Id.).

When the facsimile was electronically filed on the debtor's behalf, counsel for the

debtor  identified  it  as  follows:  "Certificate  of  Credit  Counseling  (verification  from

Advantage Credit Counseling Service that counseling had been completed.)." (Id.).  The

language of the facsimile, however, indicates that Advantage Credit Counseling Service did

not intend the facsimile to constitute a "certification" of completion of the briefing required

by the 2005 Act (and instead advised the debtor that Advantage Credit Counseling Service

would not be "able to fax the certificate until payment is rec'd").

Under these circumstances, the Court is therefore called upon to determine whether

the facsimile filed by the debtor pursuant to 11 U.S.C. § 521(b) can, notwithstanding the

intentions of Advantage Credit Counseling Service, be deemed to be a lawful "certification

from the approved nonprofit budget and credit counseling agency" that the briefing

required by 11 U.S.C. § 109(h) has been completed by the debtor.

### III.  DISCUSSION and ANALYSIS

The 2005 Act was signed into law on April 20, 2005, thereby enacting the most

sweeping changes to this country's bankruptcy laws since the Bankruptcy Code was adopted

in 1978.  To a certain degree, the focus of the 2005 Act is the "belt tightening" or "means

testing" required for individual consumer debtors to obtain a discharge in bankruptcy.  An

additional focus of the 2005 Act, however, is consumer protection.  Towards that end, the

2005 Act requires individual consumer debtors to complete pre-petition credit counseling

briefings and post-petition financial education courses either as a prerequisite to being

eligible for bankruptcy relief in the first-instance or as a condition for being eligible for a

discharge at the conclusion of the bankruptcy case. See 11 U.S.C. § 109(b) (identifying pre-

petition counseling "briefing" requirements for debtors to be eligible to be consumer

debtors under the Bankruptcy Code in the first instance); 11 U.S.C. § 727(a)(11) (setting forth

the post-petition instructional course requirement for debtors to receive a discharge in

Chapter 7); and 11 U.S.C. § 1328(g)(setting forth the post-petition instructional course requirement for debtors' to receive a discharge in Chapter 13).

The matter *sub judice* relates solely to the credit counseling briefing required of this individual consumer debtor, Ms. Miller, at the outset of her Chapter 13 bankruptcy case and whether the documentation she is required to file with the Court reflecting the completion of such briefing is satisfactory.

The 2005 Act amends § 109 of the Bankruptcy Code by adding sub-paragraph (h) which states that "an individual may not be a debtor" unless the individual received "an individual or group briefing (including a briefing conducted by telephone or on the internet)" administered by an "approved nonprofit budget and credit counseling agency" in the district in which the petition was filed. See 11 U.S.C. § 109(h)(1).[2]  In addition, the 2005 Act amends § 521 of the Bankruptcy Code by adding sub-paragraph (b), which describes the debtor's duties, and states that "a debtor who is an individual shall file with the court" a "certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under 109(h) . . ." See 11 U.S.C. § 521(b).  The certificate provided by the credit counseling agency and filed by the debtor must describe "the services

---

[2]   Pursuant to § 109(h) of the Bankruptcy Code, the briefing is generally required to be completed by the debtor during the 180 day time period immediately preceding the filing of the petition. 11 U.S.C. § 109(h)(1).  The 2005 Act, however, carves out a safe harbor for debtors who filed their bankruptcy case under exigent circumstances. 11 U.S.C. § 109(h)(3).  In instances where a debtor's bankruptcy filing falls within the exigent circumstances safe harbor, the debtor must file with the bankruptcy petition a certification which, among other things, describes the exigent circumstances and states that the debtor requested credit counseling services from an approved agency (but was unable to obtain the services during the five-day period beginning on the date on which the debtor made the request). 11 U.S.C. § 109(h)(3)(A); Fed.R.Bankr.P. 1007(b)(3).  In such circumstances, the debtor then must obtain and complete the credit counseling briefing within 30 days of the petition date, and such 30 day window may be extended by an order of the Court for an additional 15 days for cause shown.  In this case, Ms. Miller's failure to obtain a pre-petition briefing has been excused and her post-petition briefing falls within the exigent safe harbor provisions of the 2005 Act.

provided," and the debtor is also required to also file "a copy of the debt repayment plan, if any, developed under § 109(h) through the approved nonprofit budget and credit counseling agency . . ." See 11 U.S.C. § 521(b)(1) and (2).

The Court has no doubt that Ms. Miller timely received and completed the briefing required by 11 U.S.C. § 109(h)(1). However, it is questionable whether the facsimile filed by the debtor constitutes the "certification" required by 11 U.S.C. § 521(b). Beyond the language contained in Section 521(b) of the Bankruptcy Code, there is no mention in the statute as to exactly what Congress meant by the term "certificate." The legislative history to the 2005 Act also fails to enlighten the Court in this regard. The question before the Court is therefore: What type of document constitutes a "certificate" for purposes of 11 U.S.C. § 521(b)?

In Field v. Mans, 516 US 59, 116 S.Ct. 437 (1995), the United States Supreme Court declared that when Congress utilized in the Bankruptcy Code a term of art with an established legal meaning, Congress meant to "incorporate the general common law" or the "dominant consensus of common-law jurisdictions, rather than the law of any particular State." Field, 516 U.S. at 70 n. 9. Thus, in Field v. Mans , the Supreme Court held that undefined terms or words used in the Bankruptcy Code are to be read in adherence to their accumulated common law meanings, where such exist. Ibid.

In Field v. Mans, the Supreme Court determined the settled meaning of the term "fraud" as used in 11 U.S.C. § 523(a)(2)(A).   To do so, the Supreme Court turned to the Restatement (2nd) of Torts as the most widely accepted distillation of the common law. Unfortunately, there is no Restatement of the Law concerning certifications. There are, however, compilations of general common-law meanings to legal terms in Black's Law

Dictionary and other dictionaries.  See Buchannnon Board and Care Home, Inc. V. West

Virginia Department of Health and Human Resources, 532 U.S. 598, 603, 121 S.Ct. 1835,

1839 (2001)(adopting Black's Law Dictionary definition of the term "prevailing party" as

the clear meaning of the term); Branch v. Smith, 538 U.S. 254, 264, 123 S.Ct. 1429, 1437

(2003)(defining the term "enactment" using both Black's Law Dictionary and Webster's

Dictionary).

Black's Law Dictionary defines the word "certificate" as:

> A written assurance, or official representation, that some
> act has or has not been done, or some event occurred, or some
> legal formality has been complied with.  A written assurance
> made or issuing from some court, and designed as a notice of
> things done therein, or as a warrant or authority, to some other
> court, judge, or officer.  A statement of some fact in a writing
> signed by the party certifying.  A declaration in writing.

Black's Law Dictionary 225-226 (6th ed. 1990).  Similarly, Webster's New Collegiate

Dictionary provides the following definition:

> (1) a document containing a certified statement esp. as
> to the truth of something; *specif*: a document certifying that
> one has fulfilled the requirements of and may practice in a field
> (2) something serving the same end as a certificate (3) a
> document evidencing ownership or debt.

Webtser's New Collegiate Dictionary 182 (1975).

The foregoing renditions of the term "certificate" (or "certification") allude, at a

minimum, to a written instrument which, in an official manner, assures the person to

whom the certificate is presented that (1) the statements in the certificate are truthful, and

(2) the acts or requirements that are the subject of the certification have (or have not) been

done.

In this case, Ms. Miller's putative "certification" misses the mark.  Nothing on the

face of the document reflects that the document has been executed by an authorized officer

of Advantage Credit Counseling Service; nor is there any affirmation that the statements

contained in the document are true and correct.  There also is nothing in the document

which suggests that Advantage Credit Counseling Service intended the document to be a

representation to the Court in the first instance.  In fact, the face of the document provides

otherwise (when it states that the certification will be provided later once the condition of

payment by the debtor has been received).

Certifications provided by credit counseling agencies constitute representations

made by the credit counseling agency to the Court.  The filing of such certifications with the

Court is an important component of the debtor's duties in bankruptcy.[3]   With this in mind,

the Court holds that a "certificate" containing the information and materials required by

11 U.S.C. § 521(b) must also comply with Section 1746 of the Judiciary Code, 28 U.S.C. §

1746 (which regulates the filing of declarations and/or certifications with the Court).[4]

---

[3]  Because the credit counseling agency provides the certificate, and because it is the debtor who files the certification pursuant to Section 521(b) of the Bankruptcy Code, both the agency and the debtor are jointly and severally responsible for the certification's form and content.

[4]  Section 1746 of the Judiciary Code is consistent with the dictionary definitions of "certificate," and this statute states, in pertinent part, as follows:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . ., such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . .
>
> . . . (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state)

Unfortunately, the debtor's "certification" does not comply with applicable Federal law.  While the debtor has received the requisite credit counseling briefing, the facsimile filed by the debtor merely advises the Court that the debtor has not yet been able to comply with Section 521(b) of the Bankruptcy Code because the credit counseling agency has withheld the certification due to non-payment.  Given the debtor's situation, an issue remains as to whether there is a remedy for the debtor's current failure to comply with Section 521(b) of the Bankruptcy Code.

The Court is mindful that Section 521(b) of the Bankruptcy Code contains no express provision setting forth the time period in which a debtor, falling within the exigent safe harbor provisions of Section 109(h), must file the certification evidencing completion of the credit counseling briefing.  Rule 1007(b)(3) of the Federal Rules of Bankruptcy Procedure is also silent as to the time period for the debtor to file its briefing certificate in these unique circumstances.[5] The Court is further mindful that: (1) Section 111(c)(2)(B) of the Bankruptcy Code provides that approved nonprofit credit and budget counseling agencies are required to provide such services "without regard to [the debtor's] ability to pay ," (2) Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that

---

under penalty of perjury that the foregoing is true and correct.  Executed on (date).

(Signature)".

See 28 U.S.C. § 1746.

   [5] Rule 1007(b)(3) of the Federal Rules of Bankruptcy Procedure contains a disjunctive "or", suggesting that the debtor complies with Rule 1007(b) when the debtor files, among other things, either its certificate of exigent circumstances or the certificate of the credit counseling briefing with its bankruptcy petition.  See Fed.R.Bankr.P. 1007(b)(3).  Rule 1007(b)(3) of the Federal Rules of Bankruptcy Procedure contains no subsequent deadline for filing the certificate of the briefing when the debtor falls into the exigent circumstances safe harbor.

is necessary to carry out the provisions of [the Bankruptcy Code]," (3) Rule 1001 of the

Federal Rules of Bankruptcy Procedure states that the Bankruptcy Rules are to be

construed by the Court to secure the "just, speedy, and inexpensive determination of every

case and proceeding," and (4) Rule 1007(k) of the Federal Rules of Bankruptcy Procedure

permits the Court to order any "other party to prepare and file any of these papers [set forth

in Rule 1007(k)] within a time fixed by the Court."

Under these circumstances, the Court will therefore interpret the debtor's

"certification" as a motion by the debtor for a reasonable period of time for the debtor to

obtain the certification at issue,[6] or alternatively, a motion by the debtor to compel the

Advantage Credit Counseling Service to deliver and/or file the certificate due the debtor.[7]

*[Remainder of Page Intentionally Left Blank]*

---

[6]  It should be noted that the all of the Judges for the United States Bankruptcy Court for the Western District of Pennsylvania have, on January 3, 2006, signed Administrative Order #2005-5, which requires debtors (who fall within the exigent circumstances safe harbor) to file the Certificate of Consumer Credit Counseling (i.e., the briefing certificate) no later than 30 days after the date the bankruptcy petition is filed.  The debtor's Motion will be treated as a request for relief from the 30 day period set forth in Administrative Order #2005-5.

[7] The budget and credit counseling agency would have an administrative expense claim in this case to the extent the briefing certificate is delivered to the debtor and to the extent the fees charged by it are reasonable.   Nothing contained in this Memorandum Opinion should be deemed or construed to be a determination by the Court as to whether the debtor may compel the agency to provide the certificate without any assurance(s) that the fees due the agency would be paid in full.

## IV. <u>CONCLUSION</u>

This Memorandum Opinion constitutes the Court's findings of fact and conclusions
of law pursuant to Fed.R.Bankr.P. 7052.  The debtor in this case has satisfied the credit
counseling "briefing" requirements of 11 U.S.C. § 109(h).   However, for the reasons set
forth above, the Court determines that the "certification" filed by the debtor in this case is
not a proper "certification" required by 11 U.S.C. § 521(b).  The "certification" is therefore
treated as a motion (the "Motion") by the debtor for a reasonable period of time for the
debtor to obtain the certification at issue, or alternatively, a motion by the debtor to compel
the Advantage Credit Counseling Service to deliver and/or file the certificate.  The Court
will issue an order consistent with this Memorandum Opinion, and will provide parties-in-
interest with an opportunity to be heard relative to the merits of the Debtor's Motion.


Date: January 5, 2006                  /s/ Jeffery A. Deller_____
                                       Jeffery A. Deller
                                       United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ) | |
| ) | **Bankruptcy No. 05-50127-JAD** |
| ANNA M. MILLER, ) | |
| ) | **Chapter 13** |
|     Debtor. ) | |
| _____ X | |
| ) | **Related to Docket No. 29** |
| ANNA M. MILLER, ) | |
| ) | |
|     Movant, ) | |
| ) | |
|     - vs - ) | |
| ) | |
| Advantage Credit Counseling ) | |
| Service, Ronda J. Winnecour, ) | |
| Chapter 13 Trustee, and ) | |
| the U.S. Trustee for Region 3 and ) | |
| all Creditors of the Debtor, ) | |
| ) | |
|     Respondents. ) | |
| _____ X | |

**<u>ORDER OF COURT</u>**

AND NOW, this 5th day of January, 2006, the Court having reviewed and considered the Debtor's "certification" filed at Docket No. 29, and having considered the schedules, statements and other documents located in the Court's file, the Court hereby ORDERS, ADJUDGES and DECREES as follows:

    1.    The "Certification" filed by the Debtor in this case (at Document No. 29) is not a proper "certification" required by 11 U.S.C. § 521(b).

2.      The "certification" is therefore treated by the Court as a motion (the

"Motion") by the Debtor for a reasonable period of time for the Debtor

to obtain the Section 521(b) certification at issue, or alternatively, a

motion by the debtor to compel the Advantage Credit Counseling

Service to deliver and/or file the certificate.

3.      A hearing on the Motion is hereby scheduled to commence on

**February 14, 2006**, at **2:30 PM** in Courtroom D, United States

Bankruptcy Court for the Western District of Pennsylvania, 54th Floor,

US Steel Tower, Pittsburgh, PA, 15219.

4.      Responses or objections to the Motion shall be electronically filed on

the Court and served on the Debtor by no later than February 7, 2006.

5.      In a manner compliant with Rule 7004(b) of the Federal Rules of

Bankruptcy Procedure, counsel to the Debtor shall serve a copy of this

Order, the Memorandum Opinion issued by the Court on this date,

and the Motion (i.e., the alleged "certificate" found at Document No.

29) by First Class Mail, postage prepaid, upon Advantage Credit

Counseling Service, the Chapter 13 Trustee, the Office of the U.S.

Trustee and such other parties-in-interest against whom the Debtor

seeks relief.

6.     Counsel for the Debtor shall file a certificate of service reflecting

service within ten (10) days of the date of this Order.


/s/ Jeffery A. Deller
Jeffery A. Deller
United States Bankruptcy Judge


cc:    Ronda Winnecour, Esq. (w/ Motion and Memorandum Opinion And Order)
       Joseph Sisca, Esq., (w/ Motion and Memorandum Opinion And Order)
       Ronald Anderson, Esq. (w/ Motion and Memorandum Opinion And Order)
       Advantage Credit Counseling Services (w/ Motion and Memorandum Opinion And
           Order)

CASE ADMINISTRATOR TO MAIL:

cc:    Clerk's Office Mailing Matrix (w/ Memorandum Opinion And Order)